**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON**

**Civil Action No. 09-59-HRW**

**RANDELL TURNER,**

                                    **PLAINTIFF,**

**v.**     **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,**     **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits on February 14, 2005, alleging disability beginning on December 31, 2004, due to degenerative disc disease and chronic low back pain radiating into his left leg, as well as neck and shoulder pain (Tr. 54-58, 73-74).  At the hearing, he testified that

he also has fibromyalgia, right hip pain, gastroesophageal reflux disease ("GERD"), a hiatal hernia, obstructive sleep apnea, hypertension, problems with depression and difficulty with alcohol (Tr. 656-661, 666).

This application was denied initially and on reconsideration.

On February 1, 2007, an administrative video conference hearing was conducted by Administrative Law Judge Gloria B. York (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Daryl Martin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him

from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 25, 2007, the ALJ issued her decision finding that Plaintiff was not disabled.

Plaintiff was 42 years old at the time of the hearing decision. He has a high school education as well as two and one-half years of college. His past relevant work experience consists of work as a veterans' employment representative, youth/childcare worker, teachers' aide/childcare attendant and house parent.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative arthritis of the cervical and lumbar spine, fibromyalgia, obesity, a depressive disorder and alcohol abuse which is not a contributing factor material to a finding of disability which he found to be "severe" within the meaning of the Regulations (Tr. 19).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or

medically equal any of the listed impairments (Tr. 19-20). In doing so, the ALJ specifically considered listings 1.00, 1.04, 12.04 and 12.09 (Tr. 19-20).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 24) but determined that he has the residual functional capacity ("RFC") to perform a limited range of light work with certain limitations as set forth in the hearing decision (Tr. 20-24).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24-25).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 22, 2009 (Tr. 6-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."  *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ ignored as assessment from a treating physician, Dr. Mary Shearer; (2) the ALJ ignored evidence of Plaintiff's disability pension; (3) the ALJ did not properly consider the global assessment functioning ("GAF") score of 50

accorded by Michael Busse, Psy.D; (4) the ALJ did not properly assess Plaintiff's credibility with regard to substance abuse and (5) the hypothetical posed to the VE by the ALJ was inaccurate.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ ignored as assessment from a treating physician, Dr. Mary Shearer.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Dr. Shearer completed a Medical Source Statement of Ability To Do Work-Related Activities (Physical) on December 5, 2004, in which she suggested far greater restrictions that the ALJ ultimately incorporated in his RFC (Tr. 159-162).

Contrary to Plaintiff's assertion that the ALJ "ignored" this assessment, it is clear upon the face of the hearing decision that the ALJ considered it. Indeed, she specifically refers to it in the decision.

As for the weight the ALJ assigned to Dr. Shearer's assessment, the Court

finds no error in this regard.   The notes from Dr. Shearer's treatment of Plaintiff reflect only mild to moderate changes in the spine.  Indeed, Plaintiff was treated conservatively and the diagnostic testing of record reveals normal to minor findings.   Further, no other medical source has suggested such extreme physical limitation. In other words, the record does not support a finding of disabling physical impairment.

Plaintiff's second claim of error is that the ALJ ignored evidence of Plaintiff's disability pension.  Plaintiff appears to argue that the determination of his VA claim should be dispositive of his claim herein.  This argument is without merit.  The determination of another governmental agency regarding disability is based upon the rules and regulations of that agency, and, thus, is not binding here. 20 C.F.R. § 404.1504.  The ALJ was not under any obligation to defer to or afford weight to the determination of the VA.  The ALJ alone is charged with the duty of determining whether Plaintiff is disabled or not.  20 C.F.R. § 404.1513(e).   The Court finds that the ALJ properly disregarded the determination in Plaintiff's VA claim.

Plaintiff's third claim of error is that the ALJ did not properly consider the global assessment functioning ("GAF") score of 50 accorded by Michael Busse, Psy.D.

The GAF score of 50 is not supported by Dr. Busses's own examination notes. Further, the GAF score of 50 is inconsistent with other, credible evidence of record. For example, in an April 12, 2005 evaluation by consultative psychologist William R. Rigby, Plaintiff was accorded a GAF score of 68.

Given the lack of supporting evidence, the Court finds no error in the ALJ's assessment of Dr. Busses' GAF score.

The Court is mindful that a GAF score is not dispositive; a particular score may simply be an examiner's impression of a claimant's alleged symptoms on a particular day. Moreover, the Court is not aware of any authority, statutory, regulatory or otherwise, requiring an ALJ to afford greater weight to a GAF score than any other evidence of record.

Plaintiff's fourth claim of error is that the ALJ did not properly assess Plaintiff's credibility with regard to substance abuse .

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in

8

the record.

In this case, the ALJ found that Plaintiff's misrepresentations as to his alcohol and substance abuse undermined his credibility. Indeed, the record is replete with evidence in this regard. For example, although during his evaluation with consultative examiner William R. Rigby, Ph.D., Plaintiff denied having a substance abuse problem, but he admitted that consumed half a pint of Wild Turkey the night before his evaluation and has smoked marijuana as recently as seven or eight months earlier (Tr. 192).

The record also reveals that he broke his narcotic contract with the VA (Tr. 259, 235). Yet in attempting to obtain narcotic prescription medication from Mountain Comprehensive Health Corporation ("MCHC"), Plaintiff told MCHC personnel that the VA did not prescribe such medication, rather than reporting that he was no longer eligible to receive the same at the VA (Tr. 22).

The Court having reviewed the record finds that the ALJ's assessment of Plaintiff's credibility as it pertains to alcohol and substance abuse is supported by substantial evidence in the record.

Finally, Plaintiff argues that the hypothetical posed to the VE by the ALJ was inaccurate. The Defendant argues that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is

proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 12, 2009.



Signed By:
Henry R Wilhoit Jr.
United States District Judge